IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ETHEL VENICE POGUE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:16-CV-1330-L-BH |
| ) | |
| ESTEPHANY M. SIBRIAN, et al., ) | |
| ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* case has been automatically referred for screening. Before the Court is the plaintiff's *Application to Proceed In Forma Pauperis*, filed May 13, 2016 (doc. 5). Based on the relevant filings and applicable law, the application should be **DENIED**, and the case should be dismissed for failure to prosecute or follow court orders.

## I.  BACKGROUND

On May 13, 2016, the *pro se* plaintiff filed this action and submitted an application to proceed *in forma pauperis* (IFP). (*See* docs. 3, 5.) By order dated May 24, 2016, the Court found that the application reflected enough assets with which to pay the $400 filing fee, and it gave the plaintiff fourteen days to pay it. (*see* doc. 6.) The order also specifically warned that failure to timely pay the filing fee would result in a recommendation that the case be dismissed. *Id.* More than fourteen days have passed, but the plaintiff has not paid the fee or filed anything else in this case.

## II.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether pay-

ment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the plaintiff's application shows an average monthly income for the past twelve months of $1,062.00. She did not answer the question about how much cash she has. She did not list any dependents, and her average monthly household expenses are $994.00. The plaintiff's application also shows that she has $10,000.00 in certified funds in a bank account. For this reason, she has sufficient monetary resources available to pay the $400.00 filing fee in this action and has not shown that she will suffer undue financial hardship after payment of the fee. Her application to proceed *in forma pauperis* should be denied.

### III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). By order dated May 24, 2016, the plaintiff was given fourteen days to pay the filing fee. She was specifically warned that failure to do so would result in a recommendation that the case be dismissed. Because she failed to comply with an order that she pay the filing fee because she had sufficient assets with which to do so, her case should be dismissed.

### IV. RECOMMENDATION

The plaintiff's application to proceed *in forma pauperis* should be denied, and this case

should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless she pays the filing fee within the time for objecting to this recommendation or some other deadline set by the Court.

**SIGNED this 14th day of June, 2016.**

```
                              _____
                              IRMA CARRILLO RAMIREZ
                              UNITED STATES MAGISTRATE JUDGE
```

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

```
                              _____
                              IRMA CARRILLO RAMIREZ
                              UNITED STATES MAGISTRATE JUDGE
```